USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:_ 1/22/2026 _

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

HSBC Bank USA, N.A., as Trustee for Merrill Lynch
Mortgage Investors Trust Series MLCC 2007-2
Mortgage Pass-Through Certificates,

                              Plaintiff,

            -against-

Torres, et al.,

                             Defendants.

-----------------------------------------------------------------X

7:25-cv-02740-JGLC-VR

**REPORT &**
**RECOMMENDATION**

VICTORIA REZNIK, United States Magistrate Judge

**TO THE HONORABLE JESSICA G. L. CLARKE, United States District**
**Judge:**

## INTRODUCTION

Plaintiff brings this mortgage foreclosure action under New York law to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, Gilbert Torres and Carmen Torres (the "Torres Defendants") move to dismiss the Complaint for lack of jurisdiction. (ECF No. 26).[1] For the reasons below, this Court respectfully recommends that the motion be DENIED.

---

[1] All page numbers to documents filed on ECF refer to ECF pagination, printed in blue on the top of each page.

1

## BACKGROUND[2]

Plaintiff seeks to foreclose on a mortgage on property in South Salem, New York, owned by the Torres Defendants. (ECF No. 1 (Compl.) at ¶¶ 1, 3–4). In 2006, the Torres Defendants executed a note and mortgage on their property for $557,500. (*Id.* ¶ 11; ECF No. 1-2 (Note); ECF No. 1-3 (Mortgage)). The note and mortgage were later assigned to or acquired by Plaintiff. (Compl. ¶¶ 11–14; ECF No. 1-4 (Assignment of Mortgage); ECF No. 30-6 (Pooling and Servicing Agreement); ECF No. 30-7 (Loan Schedule)). In 2023, the Torres Defendants defaulted on the note. (Compl. ¶ 16). Plaintiff, a national banking association, sued the Torres Defendants in its capacity as trustee for the loan and under its authority to institute a mortgage foreclosure. (*Id.* ¶ 14; ECF No. 30 (Pl.'s Aff.) ¶¶ 4–8; ECF No. 30-6 (Pooling and Servicing Agreement)). Defendants also include corporate entities[3] and John Does, who have or may have a claim to an interest or lien on the property. (Compl. ¶¶ 5–7).

---

[2] The following facts, which are accepted as true for the purposes of this motion and construed in Plaintiff's favor, are drawn from the Complaint (ECF No. 1) and its attached exhibits (ECF No. 1-2 (Note); ECF No. 1-3 (Mortgage); ECF No. 1-4 (Assignment of Mortgage); ECF No. 1-5 (Loan Modification Agreement)); the affidavit and exhibits attached to Plaintiff's opposition to the motion to dismiss (ECF No. 30 (Pl.'s Aff.); ECF No. 30-6 (Pooling and Servicing Agreement); ECF No. 30-7 (Loan Schedule); ECF No. 30-8 (Certificate of Corporate Existence); ECF No. 30-10 (Accurint Search Results); ECF No. 30-11 (Pre-foreclosure Notices)); and the exhibit attached to Plaintiff's supplemental briefing (ECF No. 61-1 (Amended and Restated Articles of Association)). This Court granted Plaintiff's request for leave to supplement its opposition to the motion. (ECF No. 60). *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court … may refer to evidence outside the pleadings."); s*ee also Wells Fargo Bank Nw., N.A. v. Synergy Aerospace Corp.*, No. 16-cv-8065 (JPO), 2017 WL 3393945, at *2 (S.D.N.Y. Aug. 7, 2017) (same).

[3] The corporate Defendants, MCLP Asset Company, Inc. and Petro, Inc., have defaulted in this action, and a Clerk's Certificate of Default has been entered for each. (ECF Nos. 22, 25).

Plaintiff invokes this Court's subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (*Id.* ¶ 9). Plaintiff alleges that it is a citizen of Virginia, whereas the Torres Defendants are citizens of New York, and the corporate Defendants are citizens of New York or Connecticut. (*Id.* ¶¶ 2–6). Plaintiff asserts that it is the trustee for the loan at issue and, in such capacity, has authority to institute a mortgage foreclosure. (*Id.* ¶ 14; ECF No. 30 (Pl.'s Aff.) ¶¶ 4–8; ECF No. 30-6 (Pooling and Servicing Agreement) at 9, 99 ¶ 9.04). Further, Plaintiff contends that as a national bank, its citizenship lies in Virginia, the state designated as the location of its main office in its Amended and Restated Articles of Association. (ECF No. 30-8 (Certificate of Corporate Existence); ECF No. 61-1 (Amended and Restated Articles of Association) at 2).

But the Torres Defendants argue that like them, Plaintiff is a citizen of New York, destroying diversity of citizenship among the parties. They now move under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction.

## **LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The burden is on the party asserting subject matter jurisdiction to prove by a preponderance of the evidence that it exists. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citation omitted). "When challenged on allegations of jurisdictional facts, the parties

must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) (citation omitted).

When considering a Rule 12(b)(1) motion, "a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). "But, when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (citation omitted). "[A] district court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (cleaned up). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court … may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113. *See also APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("Where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.") (cleaned up and citation omitted).

Under 28 U.S.C. § 1332, diversity jurisdiction exists when a civil action involves "citizens of different States" and the amount in controversy exceeds $75,000. Diversity of citizenship must be complete, such that "there is no plaintiff and no defendant who are citizens of the same State." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (citation omitted).

**DISCUSSION**

There is no dispute that the amount-in-controversy requirement is satisfied. The sole jurisdictional issue is whether the parties are completely diverse. The Torres Defendants argue that Plaintiff, like them, is a citizen of New York. (ECF Nos. 26-1 at 2). They argue that Plaintiff's SEC and tax filings, as well as other litigation involving Plaintiff, tie Plaintiff's headquarters or principal executive office to New York. (*Id.* at 3).

Plaintiff, a national bank, contends that it is a citizen of Virginia. (ECF Nos. 31, 61). Plaintiff relies on its Certificate of Corporate Existence to establish that it is a national banking association, and its Amended and Restated Articles of Association, to identify Virginia as the location of its main office. (ECF No. 30-8 (Certificate of Corporate Existence); ECF No. 61-1 (Amended and Restated Articles of Association)). For the reasons explained below, Plaintiff has met its burden of proving by a preponderance of the evidence that diversity jurisdiction under 28 U.S.C. § 1332 exists.

The Court must resolve two questions to determine whether complete diversity exists. First, because Plaintiff brings this action in its capacity as trustee for Merrill Lynch Mortgage Investors Trust Series MLCC 2007-2, the Court must determine whether the citizenship of the trustee or the trust's beneficiaries controls. *See Wilmington Sav. Fund Soc'y, FSB as trustee for Pretium Mortg. Acquisition Tr. v. Okunola*, No. 18-cv-2084 (AMD)(PK), 2023 WL 9507759, at *2 (E.D.N.Y. Mar. 15, 2023). "[A] trustee's citizenship controls only if the trustee 'possesses certain

customary powers to hold, manage, and dispose of assets for the benefit of others,'
because that authority is what makes the trustee 'a real party to the controversy.'"
*Id.* (quoting *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464 (1980)). "Whether the
trustee possesses such powers is a question that is resolved based on the underlying
trust document." *Wells Fargo Bank Nw., N.A. v. Synergy Aerospace Corp.*, No. 16-cv-
8065 (JPO), 2017 WL 3393945, at *4 (S.D.N.Y. Aug. 7, 2017) (citation omitted).

Here, Plaintiff has met its burden of showing that as trustee, it has authority
and control over the trust's assets so as to render it the real party in interest. Under
the governing trust documents, the depositor "transfer[red], assign[ed], set over,
deposit[ed] with and otherwise convey[ed] to the Trustee," or Plaintiff, "without
recourse" "all the right, title and interest" to the trust assets, including the loan at
issue. (ECF No. 30-6 (Pooling and Servicing Agreement) at 9, 42 ¶ 2.01; *see also*
ECF No. 30-7 (Loan Schedule)). Further, any foreclosure or other legal proceedings
relating to the loan must be brought "in the name of the Trustee and/or" the trust.
(ECF No. 30-6 (Pooling and Servicing Agreement) at 23, 99 ¶ 9.04). Such powers
render Plaintiff the real party in interest, whose citizenship controls. *See Wells
Fargo Bank Nw., N.A.*, 2017 WL 3393945, at *4–*5 (finding that trustee is a real
and substantial party to the controversy because the Trust Agreement provides that
it has the legal powers to hold, dispose of, and manage the trust assets); *Wilmington
Sav. Fund Soc'y, FSB as trustee for Pretium Mortg. Acquisition Tr.*, 2023 WL
9507759, at *2 (explaining jurisdictional finding based on the Pooling Services
Agreement, where it gave the trustee "all the right, title and interest" "without

6

recourse," as well as authority to "manage[ ] the assets" and "control[ ] the litigation").

Second, because Plaintiff's citizenship controls, the Court must determine Plaintiff's citizenship as a national bank. The Torres Defendants argue that Plaintiff is a citizen of New York based on regulatory filings and litigation that refer to its headquarters or main office as being in New York. (ECF Nos. 26-1 at 3). But "a national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016). Under 28 U.S.C. § 1348, "national banks shall 'be deemed citizens of the States in which they are respectively located.' The Supreme Court has held unequivocally that a national bank is 'located,' for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office." *Id.* at 218 (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)). Here, Plaintiff's Amended and Restated Articles of Association identify the location of its main office as Tysons, Virginia. (ECF No. 61-1 (Amended and Restated Articles of Association) at 2). Plaintiff is therefore a citizen of Virginia. It is undisputed that none of the Defendants are citizens of Virginia. The parties agree that the Torres Defendants are domiciled in New York and thus citizens of New York. (ECF No. 26-1 at 3; ECF No. 31 at 2). *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[, which] is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the

7

intention of returning.") (internal quotation marks and citation omitted). And Plaintiff's Accurint search results and pre-foreclosure notices to the Torres Defendants further confirm that their last known address is the New York property at issue. (ECF No. 30 (Pl.'s Aff.) ¶¶ 11–12; ECF No. 30-10 (Accurint Search Results); ECF No. 30-11 (Pre-foreclosure Notices)). There is also no dispute that the corporate Defendants are citizens of either New York or Connecticut.

Thus, Plaintiff has shown that the parties are completely diverse so as to confer diversity jurisdiction under 28 U.S.C. § 1332.

## CONCLUSION

For the reasons above, this Court respectfully recommends that Defendants' motion to dismiss be DENIED. The Clerk of Court is respectfully directed to close the gavel associated with ECF No. 26.

## NOTICE

**Pursuant to 28 U.S.C. § 636(b)(1)(c), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. Fed. R. Civ. P. 6(a),**

8

**(d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Hon. Jessica G. L. Clarke, at the Hon. Charles L. Brieant, Jr., Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.**

**FAILURE TO TIMELY FILE OBJECTIONS TO THIS REPORT AND RECOMMENDATION WILL PRECLUDE LATER APPELLATE REVIEW OF ANY ORDER OF JUDGMENT THAT WILL BE ENTERED.** *See Caidor v. Onondaga County*, **517 F.3d 601, 604 (2d Cir. 2008).**

**Requests for extensions of time to file objections must be made to Judge Clarke.**

**SO ORDERED.**

DATED:      White Plains, New York
            January 22, 2026

_____
VICTORIA REZNIK
United States Magistrate Judge

9