USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

HSBC Bank USA, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust Series MLCC 2007-2 Mortgage Pass-Through Certificates,

Plaintiff,

-against-

Torres, et al.,

Defendants.

---------------------------------------------------------------X

7:25-cv-02740-JGLC-VR

**REPORT & RECOMMENDATION**

VICTORIA REZNIK, United States Magistrate Judge

**TO THE HONORABLE JESSICA G. L. CLARKE, United States District Judge:**

## I. Introduction

Plaintiff brings this mortgage foreclosure action against Defendants. Before the Court is Plaintiff's motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure (ECF No. 70), which the Torres Defendants oppose under Rule 55(c) (ECF No. 77). For the reasons that follow, this Court respectfully recommends that the Torres Defendants' request to set aside their default be GRANTED. This Court also recommends that Plaintiff's motion for default judgment be DENIED as moot as to the Torres Defendants and DENIED without prejudice as to the remaining Defendants.

## II. Background

On April 2, 2025, Plaintiff HSBC Bank USA, N.A. filed this mortgage foreclosure action against Carmen Torres and Gilbert Torres (the "Torres Defendants"), and other individuals and corporate entities that may claim an interest in or lien on the subject property. (ECF No. 1 (Compl.) ¶¶ 1, 3–4, 5–7)).[1]

**A. The Torres Defendants**

The Torres Defendants contested subject matter jurisdiction by filing a motion to dismiss under Rule 12(b)(1) on May 12, 2025. (ECF No. 26). That same day, the Clerk issued Certificates of Default against Gilbert Torres (ECF No. 23) and Carmen Torres (ECF No. 24). This Court issued a report and recommendation denying the motion to dismiss, finding that the parties are completely diverse so as to confer diversity jurisdiction under 28 U.S.C § 1332. (ECF No. 62 at 8). No party objected, and Judge Clarke adopted the report and recommendation on February 9, 2026. (ECF No. 63).

The Torres Defendants then missed a March 4, 2026 status conference. (ECF 03/04/2026). They also failed to answer the complaint within two weeks of the denial of their motion to dismiss, as required by Fed. R. Civ. P. 12(a)(4)(A). The Court *sua sponte* extended their deadline to answer to March 20, 2026 (ECF 03/09/2026), but they did not answer by that date. Nor did they answer after being re-served with the Summons and Complaint on March 26, 2026. (ECF Nos. 65, 66).

[1] All page numbers to documents filed on ECF refer to ECF pagination, printed in blue on the top of each page.

Plaintiff then requested leave to move for default judgment. The Court directed the Torres Defendants to respond by April 22, 2026, but they neither responded nor sought an extension. (ECF Nos. 68, 69).

Plaintiff subsequently moved for default judgment under Rule 55(b)(2). (ECF No. 70). After the Torres Defendants missed the June 25, 2026 opposition deadline, the Court *sua sponte* extended it to July 2, 2026. (ECF No. 76). On that date, the Torres Defendants filed their opposition and requested leave to file a proposed answer, which they attached. (ECF No. 77; ECF No. 77-2 (Answer)). They argue that their default was not willful and that they did not abandon their defense. Instead, they attribute their failure to answer to a misunderstanding about the case's procedural posture. (*Id.* at 1).

### B. Remaining Defendants

The remaining Defendants, including Petro, Inc. and MCLP Asset Company, Inc. ("MCLP"), have not answered, appeared, or otherwise communicated with the Court. The Clerk issued Certificates of Default as to Petro, Inc. (ECF No. 22) and MCLP (ECF No. 25) on May 12, 2025.

## III. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs the standard of review for entry of default and default judgments. Under Rule 55(a), at a plaintiff's request, the clerk of the court must enter a default against a party from whom a judgment for affirmative relief is sought when the party has failed to plead or

otherwise defend an action. Fed. R. Civ. P. 55(a). The plaintiff may then move the court for a default judgment under Rule 55(b)(2).

Default judgments are extreme actions and "any doubts should be resolved in favor of the defaulting party." *U.S. Fidelity and Guaranty Co. v. Petroleo Brasileiro S.A.*, 220 F. R. D. 404, 406 (S.D.N.Y. 2004) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d. Cir. 1993)). In the Second Circuit, "[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001).

Under Rule 55(c), a court may set aside a default upon a showing of good cause. Fed. R. Civ. P. 55(c). In deciding whether good cause exists, courts consider three factors: (1) "whether the default was willful"; (2) "whether setting aside the default would prejudice the opposing party"; and (3) "whether the moving party has shown that he may have a meritorious defense." *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991). The decision rests within the district court's sound discretion because "it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp.*, 10 F.3d at 95.

A defendant need not file a formal Rule 55(c) motion to seek relief from an entry of default. Instead, "[o]pposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

## IV. Analysis

The Court first considers whether the Torres Defendants have shown good cause under Rule 55(c) to set aside the entry of default. The Court then addresses Plaintiff's motion for default judgment under Rule 55(b)(2) against the remaining Defendants.

### A. The Torres Defendants have shown good cause under Rule 55(c) to set aside their default.

As previously mentioned, whether the Torres Defendants have made a showing of good cause under Rule 55(c) depends on (1) "whether the default was willful"; (2) "whether setting aside the default would prejudice the opposing party"; and (3) "whether the moving party has shown that he may have a meritorious defense." *Action S.A.*, 951 F.2d at 507. Although the Torres Defendants have not established a meritorious defense, the Court finds that their default was not willful and that setting it aside will not prejudice Plaintiff. On balance, these considerations establish good cause under Rule 55(c).

#### i. Willfulness

The Torres Defendants' default was not willful. "Default may be considered willful where the conduct of counsel or the litigant was egregious and not satisfactorily explained." *Gadre v. Hexanika, Inc.*, No. 21-CV-11221 (JPO), 2023 WL 2569882, at *3 (S.D.N.Y. Mar. 20, 2023) (internal quotation marks and citation omitted); *see also Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). "A

finding of willfulness is appropriate where there is evidence of bad faith or the default arose from egregious or deliberate conduct." *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 130 (E.D.N.Y. 2015) (internal quotation marks and citation omitted). "Courts should resolve any doubt about [a defendant's] willfulness in his favor." *Id.* (internal quotation marks and citation omitted).

Here, the Torres Defendants explain that their failure to answer "resulted from the procedural posture of this case and their good-faith belief that their obligation to answer would not arise until after the Court ruled on their motion." (ECF No. 77-1 at 1). But their conduct after the denial of that motion undermines this explanation. They failed to appear at a status conference (ECF 03/04/2026); failed to answer the complaint, despite the Court's *sua sponte* extension of the deadline to do so (ECF 03/09/2026); and failed to respond to Plaintiff's request for leave to move for default judgment, despite the Court directing them to do so by April 22, 2026 (ECF No. 69). The Torres Defendants also missed the deadline to oppose Plaintiff's motion for default judgment and only did so after the Court *sua sponte* extended that deadline. (ECF No. 76). Given these repeated failures, the Court finds their explanation of a "procedural misunderstanding" less than satisfactory. (ECF No. 77 at 4).

Nevertheless, the record does not establish bad faith or conduct sufficiently egregious or deliberate to warrant a finding of willfulness. After the Clerk entered the defaults, the Torres Defendants continued to defend the action by moving to dismiss for lack of subject matter jurisdiction (ECF No. 26) and participating in two

status conferences (ECF Nos. 45, 58). Their repeated failures to comply with deadlines were, at a minimum, negligent or careless. But viewed in light of their continued participation in the litigation, the Court finds that their conduct does not rise to the level of willfulness. *See Windward Bora, LLC v. Weiss*, 717 F.Supp.3d. 247, 261 (E.D.N.Y. 2024) (finding that although defendant did not answer the complaint on time, default was not willful because she appeared before the court with counsel, filed pre-answer motion letters, and appeared for conferences).

**ii. Prejudice**

Plaintiff will not suffer prejudice by proceeding with litigation. Prejudice may prevent the Court from setting aside an entry of default if doing so would "thwart plaintiff's recovery or remedy." *New York v. Greene*, 420 F.3d 99, 110 (2d Cir. 2005) (internal quotation marks and citation omitted). Although this action was commenced more than a year ago, Plaintiff's ability to prove its case remains unchanged. Nothing in the record indicates that the delay would "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks and citations omitted).

The Torres Defendants have also submitted a proposed answer with their opposition. (ECF No. 77-2). Its submission further supports the conclusion that setting aside the entry of default will not unduly prejudice Plaintiff. *See Ghost in the Mach. Inc. V. Planned Parenthood Fed'n of Am., Inc*, No. 22-CV-9270 (VSB), 2026 WL 1383365, at *5 (S.D.N.Y. May 18, 2026) (noting that plaintiff's proposed

answer to defendants' counterclaims bolstered the court's conclusion that vacating the entry of default will not cause undue prejudice).

Plaintiff argues that vacating the default will cause it to "incur further litigation expenses." (ECF No. 81 at 8). But Plaintiff's litigation expenses alone fall short of "showing that his ability to pursue the claim has been hindered since the entry of judgment." *Allen v. Barnes*, No. 08-CV-3832 (BMC)(LB), 2009 WL 331243, at *3 (E.D.N.Y. Feb. 9, 2009); *see Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024) (holding that the district court abused its discretion when it ruled that plaintiff was prejudiced because he had "incurred litigation expenses").

**iii. Meritorious Defense**

Finally, the Torres Defendants have not demonstrated a meritorious defense. "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98 (citation omitted) (considering evidence of defense including affidavits, proof set forth in original motion to dismiss, and deposition testimony). "[T]he defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Gadre*, 2023 WL 2569882, at *3 (citation omitted).

The Torres Defendants' proposed answer contains general denials of the complaint's allegations and asserts ten affirmative defenses. (*See generally* ECF No. 77-2). Although those defenses primarily challenge Plaintiff's ability to recover

alleged preferential and fraudulent transfers under the U.S. Bankruptcy Code, the Torres Defendants offer no factual evidence to support them. (*Id.* at 10–13). Because the Torres Defendants have not presented evidence of facts that, if proven, would constitute a complete defense, this factor weighs against vacatur.

***

Although the Torres Defendants fail to present a meritorious defense, they have shown that their failure to answer was not willful and vacating their default will not prejudice Plaintiff. The absence of a meritorious defense does not necessarily preclude vacatur where the remaining considerations favor relief. Courts have set aside an entry of default even when only two of the three factors favor vacatur. *See Henry*, 108 F.4th at 52 (finding the district court erred in failing to set aside default judgment because two factors, prejudice and meritorious defense, favored vacatur, even if third factor, willfulness, did not); *Gadre*, 2023 WL 2569882, at *3–*4 (vacating entry of default despite lack of meritorious defense, in light of "the Second Circuit's admonishment, stated time and time again, that the preferred approach is the resolution of disputes on their merits"). Where there is "at least doubt as to whether the default should be granted or vacated," that doubt should be "resolved in favor of the defaulting party." *Henry*, 108 F.4th at 53 (quoting *Enron Oil Corp.*, 10 F.3d at 96). Thus, the Torres Defendants have shown good cause under Rule 55(c).

This Court respectfully recommends that the motion to set aside the entry of default be GRANTED and Plaintiff's motion for default judgment against the Torres Defendants be DENIED as moot.

**B. Default judgment against the remaining Defendants is denied without prejudice to avoid potentially inconsistent results.**

Although neither Petro, Inc. nor MCLP has responded or appeared in this action in any way, the Court denies Plaintiff's motion for default judgment against them. Because the Court sets aside the Torres Defendants' default, prematurely granting a default judgment against the remaining defendants at this stage could produce substantively inconsistent results. For example, inconsistent adjudications could result if the Court awards default judgment on all claims against the non-appearing Defendants, but later dismisses those claims on the merits against the Torres Defendants based on a defense that applied equally to all Defendants. *See Moore v. Booth*, 122 F.4th 61, 63 (2d Cir. 2024) ("[A] default judgment that creates an 'incongruity' with a judgment on the merits is 'unseemly and absurd, as well as unauthorized by law.'" (quoting ultimately *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); *see e.g., RSM Production Corp. v. Fridman*, 643 F.Supp.2d 382, 414–15 (S.D.N.Y. 2009).

Thus, this Court respectfully recommends that Plaintiff's motion for default judgment against the remaining Defendants Petro, Inc. and MCLP be DENIED without prejudice.

## V. Conclusion

For the reasons above, this Court respectfully recommends that the Torres Defendants' request to set aside the entries of default be GRANTED. This Court also recommends that Plaintiff's motion for default judgment be DENIED as moot as to the Torres Defendants and DENIED without prejudice as to Petro, Inc. and MCLP.

The Torres Defendants' proposed answer (ECF No. 77-2) should be deemed served and filed on the docket *nunc pro tunc* as of July 2, 2026.

The Court cautions the Torres Defendants that it will no longer excuse failures to comply with Court-ordered schedules.

The Clerk of Court is respectfully directed to close the gavel on ECF No. 70.

## NOTICE

**Pursuant to 28 U.S.C. § 636(b)(1)(c), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. Fed. R. Civ. P. 6(a), (d). Such objections, if any, along with any responses to the objections,**

**shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Hon. Jessica G. L. Clarke, at the Hon. Charles L. Brieant, Jr., Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.**

**FAILURE TO TIMELY FILE OBJECTIONS TO THIS REPORT AND RECOMMENDATION WILL PRECLUDE LATER APPELLATE REVIEW OF ANY ORDER OF JUDGMENT THAT WILL BE ENTERED. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).**

**Requests for extensions of time to file objections must be made to Judge Clarke.**

**SO ORDERED.**

DATED: White Plains, New York
September 22, 2026

VICTORIA REZNIK
United States Magistrate Judge